**BEUS GILBERT PLLC**
ATTORNEYS AT LAW
701 NORTH 44TH STREET
PHOENIX, ARIZONA  85008-6504
TELEPHONE (480) 429-3000

L. Richard Williams/010524/rwilliams@beusgilbert.com
K. Reed Willis/028060/kwillis@beusgilbert.com

**THORPE NORTH & WESTERN LLP**
ATTORNEYS AT LAW
175 S. MAIN STREET, SUITE 900
SALT LAKE CITY, UT 84111
TELEPHONE (801) 566-6633
FACSIMILE: (801) 566-0750

Mark M. Bettilyon (*Pending Pro Hac Vice*)/mark.bettilyon@tnw.com
Peter M. de Jonge (*Pending Pro Hac Vice*)/dejonge@tnw.com
Jed H. Hansen (*Pending Pro Hac Vice*)/Hansen@tnw.com

*Attorneys for Plaintiff True Brands Limited*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TRUE BRANDS LIMITED, | Case No.: _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| PROMO CRUNCH D/B/A PROMO MOTIVE PROMOTIONAL PRODUCTS, JOHN GRAHAM, VIRTUAL WEB TRADE SHOW, BRIAN BROWN, SHOPIFY INC., AND JOHN DOES I & II, | |
| Defendants. | |

Plaintiff True Brands Limited ("True Brands") files this Complaint with Jury Demand against Defendants Promo Crunch d/b/a Promo Motive Promotional Products, John Graham,

Virtual Web Trade Show, Brian Brown, Shopify Inc., and John Does I & II (collectively "Defendants").  True Brands complains and alleges as follows:

## I.      PARTIES, JURISDICTION, AND VENUE

1.      True Brands is a foreign company located in the United Kingdom having a principal place of business at Unit 2, The GP Centre, Yeomans Road, Ringwood, BH24-3FF, United Kingdom.

2.      Upon information and belief, Defendant Promo Motive Promotional Products ("Promo Motive") is an Arizona entity operating out of Scottsdale, Arizona.  By Promo Motive's own admission, Promo Motive's head company is Promo Crunch.  Promo Crunch is an Arizona entity with a principal place of business at 31002 42nd Place, Cave Creek, Arizona 85331.  By Promo Motive's own admission, it owns a major stake in two electronics factories in Shenzhen, China.

3.      Upon information and belief, Defendant John Graham is a resident of Scottsdale, Arizona and is the Chief Executive Officer of Defendant Promo Motive.

4.      Upon information and belief, Defendant Virtual Web Trade Show is an entity located in Florida with a principal place of business at 1211 Citrus Isle, Fort Lauderdale, Florida 33315.

5.      Upon information and belief, Defendant Brian Brown is a resident of Fort Lauderdale, Florida and is the President of Defendant Virtual Web Trade Show.

6.      Upon information and belief, Defendant Shopify Inc. ("Shopify") is a Canadian corporation with a headquarters at 150 Elgin Street, 8th Floor, Ottawa, Ontario,

2

Canada K2P 1L4.  Shopify's office in the United States is located at 33 New Montgomery St. Ste. 750, San Francisco, California 94105.

7.     Upon information and belief, Defendants John Does I & II are Chinese manufacturing and/or corporate entities associated with Promo Motive.

8.     This is a civil action for patent and trademark infringement and for Defendants' counterfeiting of True Brands valid trademark arising under the patent and trademark laws of the United States of America, Titles 15 and 35, United States Code.

9.     This court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, 15 U.S.C. § 1114(1)(a), and 35 U.S.C. § 279.

10.     Upon information and belief, Promo Motive is in the business of manufacturing, offering to sell, and selling a "FIXER 20-in-1 Multi-tool" through the guidance and direction of its CEO John Graham.  Virtual Web Trade Show is in the business of directing customers from its website to other websites, via promotional offers to sell, where the customers can buy promotional products, including Promo Motive and its "FIXER 20-in-1 Multi-tool", through the guidance and direction of its CEO Brian Brown.  Shopify is in the business of providing web hosting services, including server support, for websites to sell products, including Promo Motive and its "FIXER 20-in-1 Multi-tool".   All the Defendants help publish, promote, and offer to sell the "FIXER 20-in-1 Multi-tool" via Promo Motive to customers throughout the United States, including users within the District of Arizona.

11.     Upon information and belief, through its contractual and business relationships between the Defendants, Defendants have substantial, continuous contacts within the state of

BGD-#217218-v1-Complaint.DOCX

Arizona.  Accordingly, this Court has general personal jurisdiction over Defendants pursuant to Ariz. R. Civ. P. 4.2.

12.     Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391, because Defendants conduct business in this district directly related to the trademark and related issues in this case, are subject to the court's personal jurisdiction in this case, and a substantial part of the activity giving rise to the causes of action occurred in this judicial district.

13.     Venue is proper in this district, pursuant to 28 U.S.C. § 1400(b), because Defendants Promo Motive and Graham are residents of Arizona and/or Promo Motive has committed acts of infringement in this district and has a regular and established place of business in this state.  John Does I & II are not residents of the United States and, thus, may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

## II.     FACTUAL BACKGROUND

### A.     True Brands' Patent Rights

14.     True Brands designs and manufactures small, original, and useful tools made of high quality materials including, but not limited to, pocket tools, multi-tools, flashlights, lighters, and knives.  One such product is the "20 tools in 1" product marked under the brand name FIXR.  True Brands has sold, both through its related company True Utility and through authorized distributors, its FIXR products across the world, including in the United States.

15.     True Brands is the owner and/or assignee of United States Design Patent D773,274 S ("'D274 Patent") issued on December 6, 2016 and titled "Hand Tool" which

protects parts of the design of the FIXR® "20 tools in 1" multi-tool.  Attached as Exhibit A is a true and correct copy of the 'D274 Patent.

**B.**   **True Brands' Trademark Rights**

16.   True Brands is the owner of a trademark of "FIXR" ("FIXR Trademark") registered with the United States Patent and Trademark Office on September 13, 2016.  The trademark was issued for a "Multi-function hand tool comprised of carabineer, measuring ruler, bottle opener, wire cutters, wire stripper, knife, screwdrivers, wrenches, nail cleaner, cutting blade, pry bar, file, and box opener."  Attached as Exhibit B is a true and correct copy of the FIXR Trademark.

17.   True Brands uses the above mark to identify its FIXR® "20 tools in 1" multi-tool and to indicate the high quality product a customer will receive when purchase a True Brands multi-tool.

18.   In addition to specific holiday promotional events (e.g., Father's Day promotions), the FIXR® multi-tool is promoted online through social media, scores of online videos, in printed catalogs, and through nationwide e-mail campaigns sent to hundreds of thousands of consumers.  The FIXR® multi-tool is also the subject of individual sales calls from a team of hundreds of individual sales persons.  As a result, True Brands has established itself and the FIXR® multi-tool as a high quality company and tool.  The FIXR® multi-tool and its associated brand is, and has been, an asset of enormous value to True Brands.

19.   The FIXR multi-tool is sold online through multiple channels and through hundreds of hardware and big box retail outlets across the United States.

5

20.     Since its introduction into the U.S., sales of the FIXR® multi-tool have expanded rapidly.  True Brands has sold hundreds of thousands of the FIXR® multi-tools in the United States.  Customers purchasing the FIXR® multi-tools include Ace Hardware, Kohl's, Dick's Sporting Goods, Dillard's, and Cracker Barrel.

21.     The FIXR multi-tool is currently sold online at True Brands website for $16.87.

### C.     Defendant's Unlawful Acts

22.     On information and belief, Promo Motive is a distributor of promotional materials throughout the United States, including in the State of Arizona.  One such product is the "FIXER 20-in-1 Multi-Tool".  At times, Promo Motive's website also lists the tool as a "FIXR 20-in-1 Multi-tool".

23.     On September 6, 2017, representatives for True Brands received an email from Defendant Virtual Web Trade Show, advertising the infringing and counterfeit "Fixer 20-in-1 Multi-tool".  *See* Exhibit C.

24.     When a consumer clicks on the advertisement from Defendant Virtual Web Trade Show, the consumer is directed to the website www.promomotive.com which includes advertisements for a FIXER product that is similar to True Brands' FIXR product.  Indeed, it appears that whoever operates www.promomotive.com simply copied the images created by True Brands and put them on their website.  *See* Exhibit D.

25.     Further, the Promo Motive website advertisement/article contains a statement/web-link that "other similar multi tools sell for as much as $25 USD."  When a

consumer clicks on the web-link, the consumer is directed to the True Utility website advertising the FIXR® multi-tool for $16.79. *See* Exhibit E.

### 1. Patent Infringement

26.     On information and belief, Promo Motive has manufactured, caused-to-be manufactured, offered to sale, and/or sold, in the United States, its "FIXER 20-in-1 Multi-tool", which infringes the 'D274 Patent and continues to do so.

27.     Promo Motive's "FIXER 20-in-1 Multi-tool" has an overall appearance that is confusingly similar and substantially the same as True Brands' FIXR® "20 tools in 1" multi-tool in light of the prior art and in the eyes of an ordinary observer. A side by side comparison of the two products is below with Promo Motive's tool on the left, the patented design in the middle, and True Brands' tool on the right:

Promo Motive's Product Image          True Brands' Design          True Brands' Product Image





28.     In the eye of an ordinary observer, with as much attention as a purchaser of the product normally gives, Promo Motive's accused "FIXER 20-in-1 Multi-tool" and True Brands' FIXR® "20 tools in 1" multi-tool are substantially the same, with the resemblance strong enough to deceive the ordinary observer thereby inducing the ordinary observer to purchase Promo Motive's "FIXER 20-in-1 Multi-tool" believing it to be the True Brands'

7

FIXR® "20 tools in 1" multi-tool.  In fact, Promo Motive's "FIXER 20-in-1 Multi-tool" is virtually identical, if not identical, to True Brands' patented design.

29.     Promo Motive had many options in designing a multi-tool.  However, Promo Motive chose to knowingly infringe True Brands' patented design, as evidenced by Promo Motive's use of marketing materials taken directly from True Utility's website and description of the FIXR® "20 tools in 1" multi-tool.

30.     On information and belief, Promo Motive's infringing actions were orchestrated and coordinated by its CEO, John Graham, the moving, conscious, and active force behind the unlawful acts described herein.

31.     On information and belief, Promo Motive and Mr. Graham engaged two electronics factories in Shenzhen, China to manufacture the infringing product and/or infringing components of the infringing product.

32.     On information and belief, John Does I & II manufacture all of and/or material parts of the infringing "FIXER 20-in-1 Multi-Tool" without True Brands' license or consent. Accordingly, John Does I & II aided, and continue to aid, in the infringement of the 'D274 Patent.

33.     None of the Defendants have obtained permission from True Brands to manufacture, use, offer to sell, or sell the design claimed in the 'D274 Patent.

### 2.     Counterfeit and Trademark Infringement

34.     In  addition  to  the  images  that  were  copied  from  True Brands, www.promomotive.com also copied True Brands promotional videos.  *See* Exhibit F.

35.     John Graham also posted a video to YouTube titled "Fixr 20 in 1 tool for promotional product and b2b marketing."  *See* Exhibit G.

36.     Promo Motive also advertises its counterfeit product on its blog, using the FIXR or FIXER trademarks in, at least, forty (40) different articles.  *See* Exhibit H.

37.     Further, Promo Motive also advertises its counterfeit product on Facebook. *See* Exhibit I.

38.     The product Promo Motive is selling using the FIXR and FIXER trademarks is virtually identical to True Brands FIXR product.  An ordinary consumer, looking at the two different products and giving as much attention to these products as ordinary consumers give, would be unable to ascertain the difference between the True Brands FIXR multi-tool and the Defendants' counterfeit product.

39.     The Defendants offer customized placement of branding on its counterfeit FIXER product.  True Brands likewise offers personalized engraving on its FIXR product.

40.     Defendants' counterfeit product is directly competitive to True Brands' FIXR product. The same consumers that would be interested in purchasing the True Brands FIXR multi-tool are the same consumers that would be interested in acquiring Defendants' counterfeit FIXR product.

41.     The Defendants' counterfeit FIXER product is marketed and sold for approximately $2.98 per unit.

42.     On information and belief, Promo Motive's infringing actions and counterfeit marks were developed, orchestrated, and coordinated by its CEO, John Graham.

### a.    Virtual Web Trade Show

43.    On information and belief and without True Brands license or consent, Virtual Web Trade Show used the FIXR Trademark to promote Promo Motive's "FIXER 20-in-1 Multi-tool" through its own website and channeled traffic and sales of the counterfeit products to Promo Motive and continues to do so.

44.    On information and belief, Virtual Web Trade Show's infringing actions and counterfeit marks were developed, orchestrated, and coordinated by its President, Brian Brown.

### b.    Shopify

45.    On information and belief and without True Brands license or consent, Shopify, as a web host, supports and maintains the Promo Motive website.  Specifically, Shopify allowed Promo Motive and John Graham to create and continue to use an e-commerce website through which customers can buy the infringing "FIXER 20-in-1 Multi-tool".  Accordingly, Shopify aided, and continues to aid, in the use of the FIXR Trademark to promote Promo Motive's infringing "FIXER 20-in-1 Multi-tool" and sell counterfeit products.

### c.    John Does I & II

46.    On information and belief, John Does I & II manufacture all of and/or material parts of the infringing "FIXER 20-in-1 Multi-Tool" without True Brands license or consent. Accordingly, John Does I & II aided, and continue to aid, in the sale of counterfeit products.

### 3.   **Harm to True Brands**

47.   Defendants' use of the FIXR Trademark to promote the "FIXER 20-in-1 Multi-tool" continues to violate the registered FIXR Trademark and confuses customers as to the manufacturer and seller of the Multi-tool.

48.   None of the Defendants have obtained permission from True Brands to manufacture, use, offer to sell, and/or sell products that use the FIXR Trademark.

49.   None of the Defendants have obtained permission from True Brands to use True Brands advertising materials, including photographs and promotional videos, in connection with the marketing and sale of products that are virtually identical to True Brands' FIXR products.

50.   Because Defendants are selling cheap imitations of True Brands FIXR product using a virtually identical trademark with True Brands' own advertising materials, there can be no question that True Brands has been and will continue to be irreparably harmed by the Defendants.   Such unauthorized use of its trademarks on cheap imitations is likely to cause potential purchasers, as well as the public at large, to believe that Defendants' products are affiliated with, authorized by, sponsored, and/or endorsed by True Brands.   This causes irreparable damage to True Brands' FIXR brand and to the goodwill and reputation of True Brands.

### D.   **Willful Infringement**

51.   Promo Motive, John Graham, Virtual Web Trade Show, and Brian Brown's (collectively "Willfully Infringing Defendants") activities have been deliberate and willful.

BGD-#217218-v1-Complaint.DOCX

52.     The Willfully Infringing Defendants are aware of the 'D274 Patent and the FIXR Trademark and have deliberately chosen to manufacture, use, sell, and/or offer for sale the infringing "FIXER 20-in-1 Multi-tool" which copies and/or imitates the protected design and/or trademark.

### 1.     Promo Motive

53.     Defendants Promo Motive and John Graham purposefully listed the following terms on the ASI Promotional flyers and suggested retail pricing page for the "FIXER 20-in-1 Multi-tool":

- FIXER
- FIXER promotional product
- FIXR
- FIXR 20 in 1 multi tool for your next tradeshow or promotional product giveaway
- FIXR multi tool
- FIXR promo
- FIXR promotional tool

*See* Exhibit J.

54.     By listing the above terms on the Promo Motive website, both Promo Motive and Mr. Graham intended to deceive consumers and drive customers web searching for the FIXR® "20 tools in 1" multi-tool to the Promo Motive website by "stuffing" the Promo Motive website with these terms.

55.     By copying True Brands' videos, images, and other promotional materials, Promo Motive and Mr. Graham are clearly attempting to deceive consumers.

56.   On September 11, 2017 counsel for True Brands wrote to Defendants Promo Motive and John Graham, delivered via electronic mail and DHL Express.  In this letter, counsel for True Brands notified Defendants Promo Motive and John Graham of Promo Motive's continued infringement of the 'D274 Patent and FIXR Trademark and production of counterfeit goods.  *See* Exhibit K.

57.   Upon information and belief, True Brands believes Defendants Promo Motive and John Graham did, in fact, receive and review the September 11, 2017 letter.

58.   Upon information and belief, Defendants Promo Motive and John Graham have knowledge of True Brands' 'D274 Patent and FIXR Trademark as evidenced by their use of True Brands' own advertisements regarding the FIXR® "20 tools in 1" multi-tool.

### 2.   Virtual Web Trade Show

59.   On September 11, 2017, counsel for True Brands wrote to Defendants Virtual Web Trade Show and Brian Brown, delivered via electronic mail and Federal Express.  In this letter, counsel for True Brands notified Defendants Virtual Web Trade Show and Brian Brown of Virtual Web Trade Show's continued infringement of the FIXR Trademark and production of counterfeit goods.  *See* Exhibit L.

60.   In a first responsive email dated September 12, 2017, Mr. Brown stated that Virtual Web Trade Show is "not directly involved in selling any product for [Promo Motive], rather, we are just an advertising conduit" implying that Virtual Web Trade Show and Mr. Brown get a "free pass" from its violations of the trademark protections in the United States because the two Defendants did not directly sell the infringing product.

61.    In a responsive email on September 12, 2017, counsel for True Brands pointed out that the trademark protections prohibit anyone from using a trademark in commerce that is likely to cause confusion or mistake.

62.    Mr. Brown responded that same day and told counsel for True Brands to take up the issue with Promo Motive.   Further, Mr. Brown effectively ended any future communications or settlement discussions prior to filing a lawsuit by asking counsel for True Brands not to "send [him] anymore letters or annoying correspondence" and noting that he knew his "rights having gone through this dozens of times."

63.    Upon information and belief, prior to September 11, 2017, Defendants Virtual Web Trade Show and Brian Brown were on constructive notice of the FIXR Trademark.

64.    On information and belief, despite the Willfully Infringing Defendants actual and/or constructive notice of the 'D274 Patent, FIXR Trademark, and/or counterfeited replicas of the FIXR® "20 tools in 1" multi-tool and despite an objectively high likelihood that the Willfully Infringing Defendants actions constituted infringement of the 'D274 Patent and/or FIXR Trademark, the Willfully Infringing Defendants knowingly chose to infringe the 'D274 Patent and/or FIXR Trademark and offer to sell and or sell the counterfeited objects.

65.    Accordingly, the Willfully Infringing Defendants' actions constitute willful infringement under the applicable legal standard.

66.    Without an injunction, Defendants will likely choose to dispose of the counterfeit goods and any evidence relating to the same.

## COUNT I
### (Infringement of the 'D274 Patent, 35 U.S.C. § 271)

67.     True Brands re-alleges and incorporates all the foregoing allegations as though fully set forth herein.

68.     Promo Motive's accused "FIXER 20-in-1 Multi-tool" infringes the single claim of the 'D274 Patent.

69.     Under 35 U.S.C. § 271(a), Defendants Promo Motive and John Graham have infringed, and continue to infringe, literally or under the doctrine of equivalents, the 'D274 Patent by manufacturing, using, offering to sell, and/or selling Promo Motive's "FIXER 20-in-1 Multi-tool" in the United States and/or importing the same into the United States.

70.     On information and belief, Defendants Promo Motive and John Graham have engaged in, and continue to engage in, affirmative acts to encourage the Chinese manufacturers of the infringing product to manufacture the product, thereby infringing the patents-in-suit.

71.     On information and belief, Defendants Promo Motive, John Graham, and John Does I & II have offered to sell, sold, and/or imported component(s) of the patented design for use in the infringement of the 'D274 Patent which constitute a material part of the patented design and which were made especially for use in the patented design.

72.     On information and belief, Defendants Promo Motive and John Graham, at least, had actual knowledge that the induced acts constitute patent infringement and/or have been willfully blind to the same.

73.     On information and belief, Defendants Promo Motive, John Graham, and John Does I & II have profited by virtue of their infringement of the 'D274 Patent.

15

74.     True Brands has suffered, and will continue to suffer, irreparable harm from Defendants Promo Motive, John Graham, and John Does I & II's infringement of the 'D274 Patent through the sales of the "FIXER 20-in-1 Multi-tool". As there is no other adequate remedy at law, under 35 U.S.C. § 283, True Brands' is entitled to an injunction against the continued infringement of the 'D274 Patent.

75.     True Brands has sustained damages as both a direct and proximate result of Defendants Promo Motive, John Graham, and John Does I & II's infringement of the 'D274 Patent. Accordingly, True Brands is entitled to damages pursuant to 35 U.S.C. §§ 284 and/or 289.

76.     This is an exceptional case warranting an award of treble damages under 35 U.S.C. § 284 and/or attorney's fees under 35 U.S.C. § 285.

## COUNT II
### (Direct Infringement of the FIXR Trademark, 15 U.S.C. § 1114)

77.     True Brands re-alleges and incorporates all the foregoing allegations as though fully set forth herein.

78.     Promo Motive's accused "FIXER 20-in-1 Multi-tool" infringes the FIXR Trademark.

79.     Under 15 U.S.C. § 1114(1)(a), Defendants Promo Motive, John Graham, Virtual Web Trade Show, and Brian Brown have used, advertised, sold, and/or offered for sale the infringing "FIXER 20-in-1 Multi-tool" product, and continue to do the same. Such use is likely to cause confusion to consumers and is direct infringement of the FIXR Trademark.

16

80.     Defendants Promo Motive, John Graham, Virtual Web Trade Show, and Brian Brown intended to deceive consumers and used the FIXR Trademark to cause confusion and sell the "FIXER 20-in-1 Multi-tool" product.

81.     On information and belief, Defendants Promo Motive, John Graham, Virtual Web Trade Show, and Brian Brown had actual knowledge that the infringing acts constitute trademark infringement and/or have been willfully blind to the same.

82.     On information and belief, Defendants Promo Motive, John Graham, Virtual Web Trade Show, and Brian Brown have profited by virtue of their infringement of the FIXR Trademark.

83.     True Brands has suffered, and will continue to suffer, irreparable harm from Defendants Promo Motive, John Graham, Virtual Web Trade Show, and Brian Brown's infringement of the FIXR Trademark through the sales of the "FIXER 20-in-1 Multi-tool". As there is no other adequate remedy at law, under Fed. R. Civ. P. 65, True Brands' is entitled to an injunction against the continued infringement of the FIXR Trademark.

84.     True Brands has sustained damages as both a direct and proximate result of Defendants' infringement of the FIXR Trademark.  Accordingly, True Brands is entitled to damages pursuant to 15 U.S.C. § 1117.

## COUNT III
### (Contributory Infringement of the FIXR Trademark, 15 U.S.C. § 1114)

85.     True Brands re-alleges and incorporates all the foregoing allegations as though fully set forth herein.

86.     Promo Motive's accused "FIXER 20-in-1 Multi-tool" infringes the FIXR Trademark.

BGD-#217218-v1-Complaint.DOCX

87.     Defendants Virtual Web Trade Show, Brian Brown, and Shopify have and continue to provide advertisement and support services for the Promo Motive website. Specifically, Virtual Web Trade Show and Brian Brown advertise the "FIXER 20-in-1 Multi-tool" on behalf of Promo Motive and direct customers to Promo Motive's website to purchase the same.  Shopify provides Promo Motive with web host services, including, but not limited to, server storage and allowed Promo Motive and John Graham to set up and maintain and e-commerce website through which Promo Motive is able to advertise, offer for sale, and sell the infringing "FIXER 20-in-1 Multi-tool".  Such use and continued use is likely to cause confusion to consumers and is contributory infringement of the FIXR Trademark.

88.     Defendants Virtual Web Trade Show, Brian Brown, and Shopify have actual and/or constructive knowledge of Promo Motive's direct infringement of the FIXR Trademark and yet continue to provide the advertisement and support services for Promo Motive.

89.     On information and belief, Defendants Virtual Web Trade Show, Brian Brown, and Shopify have profited by virtue of their contributory infringement of the FIXR Trademark.

90.     True Brands has suffered, and will continue to suffer, irreparable harm from Defendants Virtual Web Trade Show, Brian Brown, and Shopify's infringement of the FIXR Trademark.  As there is no other adequate remedy at law, under Fed. R. Civ. P. 65, True Brands' is entitled to an injunction against the continued infringement of the FIXR Trademark.

91.     True Brands has sustained damages as both a direct and proximate result of Defendants' infringement of the FIXR Trademark.  Accordingly, True Brands is entitled to damages pursuant to 15 U.S.C. § 1117.

**COUNT IV**
**(Trademark Counterfeiting, 15 U.S.C. § 1114)**

92.     True Brands re-alleges and incorporates all the foregoing allegations as though fully set forth herein.

93.     Promo Motive's accused FIXER trademark is a counterfeit of the registered FIXR Trademark.

94.     Defendants Promo Motive, John Graham, Virtual Trade Show, Brian Brown, and John Does I & II have sold and offered for sale counterfeit products, and continue to do the same by using a copy of the FIXR registered trademark, or a confusingly similar version thereof, in connection with the sale of the "FIXER 20-in-1 Multi-tool".

95.     Defendants Promo Motive, John Graham, Virtual Trade Show, Brian Brown, and John Does I & II intended to deceive consumers and used the FIXR Trademark, or a confusingly similar version thereof, to sell the counterfeit "FIXER 20-in-1 Multi-tool" product.

96.     On information and belief, Defendants Promo Motive, John Graham, Virtual Web Trade Show, and Brian Brown, at least, had actual knowledge that the induced acts constitute trademark infringement and production of counterfeits and/or have been willfully blind to the same.

BGD-#217218-v1-Complaint.DOCX

97.     On information and belief, Defendants Promo Motive, John Graham, Virtual Trade Show, Brian Brown, and John Does I & II have profited by virtue of the use of counterfeits.

98.     True Brands has suffered, and will continue to suffer, irreparable harm from Defendants Promo Motive, John Graham, Virtual Trade Show, Brian Brown, and John Does I & II's use of counterfeits through the offers for sale and sales of the "FIXER 20-in-1 Multi-tool".  As there is no other adequate remedy at law, under Fed. R. Civ. P. 65, True Brands' is entitled to an injunction against the continued use of counterfeits.

99.     True Brands has sustained damages as both a direct and proximate result of Defendants Promo Motive, John Graham, Virtual Trade Show, Brian Brown, and John Does I & II's use of counterfeits.  Accordingly, True Brands is entitled to damages pursuant to 15 U.S.C. § 1117.

### COUNT V
### (False or Misleading Description, False Advertising, and False Designations of Origin and/or Sponsorship, 15 U.S.C. § 1125)

100.    True Brands re-alleges and incorporates all the foregoing allegations as though fully set forth herein.

101.    Promo Motive's accused "FIXER 20-in-1 Multi-tool infringes the FIXR Trademark.

102.    Promo Motive, John Graham, Virtual Trade Show, Brian Brown, and John Does I & II have knowingly used in commerce, in connection with the "FIXER 20-in-1 Multi-tool", the FIXR Trademark, or a substantially similar version thereof, which is likely to cause confusion or mistake as to the manufacturer and/or seller of the multi-tool.

103.    Promo Motive, John Graham, Virtual Trade Show, Brian Brown, and John Does I & II intended to deceive consumers and use the FIXR Trademark to cause confusion and sell the counterfeit "FIXER 20-in-1 Multi-tool" product.

104.    Promo Motive, John Graham, Virtual Trade Show, Brian Brown, and John Does I & II acts constitute false or misleading descriptions, false advertising, and/or false descriptions of the origin and/or sponsorship of Defendants Promo Motive, John Graham, Virtual Trade Show, Brian Brown, and John Does I & II's goods in violation of 15 U.S.C. § 1125(a).

105.    On information and belief, Defendants Promo Motive, John Graham, Virtual Web Trade Show, and Brian Brown, at least, have had actual knowledge that the induced acts constitute false or misleading descriptions and/or have been willfully blind to the same.

106.    On information and belief, Defendants Promo Motive, John Graham, Virtual Trade Show, Brian Brown, and John Does I & II have profited by virtue of their false or misleading descriptions, false advertising, and/or false descriptions of the origin and/or sponsorship of the "FIXER 20-in-1 Multi-tool".

107.    True Brands has suffered, and will continue to suffer, irreparable harm from Defendants Promo Motive, John Graham, Virtual Trade Show, Brian Brown, and John Does I & II's false or misleading descriptions, false advertising, and/or false descriptions of the origin and/or sponsorship of the "FIXER 20-in-1 Multi-tool".  As there is no other adequate remedy at law, under Fed. R. Civ. P. 65, True Brands' is entitled to an injunction against the false or misleading descriptions, false advertising, and/or false descriptions of the origin and/or sponsorship of the "FIXER 20-in-1 Multi-tool".

21

108.    True Brands has sustained damages as both a direct and proximate result of Defendants Promo Motive, John Graham, Virtual Trade Show, Brian Brown, and John Does I & II's false or misleading descriptions, false advertising, and/or false descriptions of the origin and/or sponsorship of the "FIXER 20-in-1 Multi-tool".  Accordingly, True Brands is entitled to damages pursuant to 15 U.S.C. § 1117.

**COUNT VI**
**(Common Law Trademark Infringement)**

109.    True Brands re-alleges and incorporates all the foregoing allegations as though fully set forth herein.

110.    Promo Motive's accused "FIXER 20-in-1 Multi-tool" infringes the FIXR Trademark.

111.    Defendants Promo Motive, John Graham, Virtual Web Trade Show, and Brian Brown have used, advertised, sold, and/or offered for sale the infringing "FIXER 20-in-1 Multi-tool" product, and continue to do the same.  Such use is likely to cause confusion to consumers and is infringement of the FIXR Trademark.

112.    Defendants Promo Motive, John Graham, Virtual Web Trade Show, and Brian Brown intended to deceive consumers and used the FIXR Trademark to cause confusion and sell the "FIXER 20-in-1 Multi-tool" product.

113.    Defendants Virtual Web Trade Show, Brian Brown, and Shopify have and continue to provide advertisement and support services for the Promo Motive website.  Specifically, Virtual Web Trade Show and Brian Brown advertise the "FIXER 20-in-1 Multi-tool" on behalf of Promo Motive and direct customers to Promo Motive's website to purchase the same.  Shopify provides Promo Motive with web host services, including, but

not limited to, server storage and allowed Promo Motive and John Graham to set up and maintain and e-commerce website through which Promo Motive is able to advertise, offer for sale, and sell the infringing "FIXER 20-in-1 Multi-tool". Such use and continued use is likely to cause confusion to consumers and is contributory infringement of the FIXR Trademark.

114.    Defendants Promo Motive, John Graham, Virtual Trade Show, Brian Brown, and John Does I & II have sold and offered for sale counterfeit products, and continue to do the same by using a copy of the FIXR registered trademark, or a confusingly similar version thereof, in connection with the sale of the "FIXER 20-in-1 Multi-tool".

115.    The acts of the Defendants constitute infringement of True Brands' common law rights to the FIXR Trademark under the laws of the state of Arizona and elsewhere. The FIXR Trademark is distinctive and inherently distinctive.

116.    On information and belief, Defendants have profited by virtue of their infringement of the FIXR Trademark.

117.    True Brands has suffered, and will continue to suffer, irreparable harm from Defendants infringement of the FIXR Trademark. As there is no other adequate remedy at law, under Fed. R. Civ. P. 65, True Brands' is entitled to an injunction against the continued infringement of the FIXR Trademark.

118.    True Brands has sustained damages as both a direct and proximate result of Defendants infringement of the FIXR Trademark. Accordingly, True Brands is entitled to damages.

BGD-#217218-v1-Complaint.DOCX

**COUNT VII**
**(Common Law Unfair Competition)**

119.    True Brands re-alleges and incorporates all the foregoing allegations as though fully set forth herein.

120.    Defendants have misappropriated and used True Brands' FIXR Trademark, and developed counterfeits of the same, in a manner that is contrary to honest business conduct in a commercial setting, in an effort to sell counterfeit products to unsuspecting consumers.

121.    The acts of the Defendants constitute unfair competition in violation of True Brands' superior rights under the common law of the state of Arizona and elsewhere.

122.    On information and belief, Defendants have profited by virtue of their unfair competition.

123.    True Brands has suffered, and will continue to suffer, irreparable harm from Defendants unfair competition.  As there is no other adequate remedy at law, under Fed. R. Civ. P. 65, True Brands' is entitled to an injunction against the continued unfair competition.

124.    True Brands has sustained damages as both a direct and proximate result of Defendants unfair competition.  Accordingly, True Brands is entitled to damages.

**COUNT VIII**
**(Conversion of Plaintiff's Patented Design, Marks, and Advertising and Marketing Materials)**

125.    True Brands re-alleges and incorporates all the foregoing allegations as though fully set forth herein.

126.    Although Defendants had no authorization from Plaintiff, Defendants have used and continue to use True Brands' patented design, FIXR Trademark, and advertising

and marketing materials in connection with Defendants' products and/or services, without any payments to True Brands, and have, thus, converted True Brands' property for Defendants' own use in violation of True Brands' rights under the common law of Arizona and elsewhere.

127.   Defendants' use of True Brands' patented design, FIXR Trademark, and advertising and marketing materials is in denial of, inconsistent with, and/or in derogation, exclusion, and/or defiance of True Brands' title to and/or rights in its patented design, FIXR Trademark, and advertising and marketing materials.

128.   Defendants' intentional exercise of dominion or control over True Brands' patented design, FIXR Trademark, and advertising and marketing materials so seriously interferes with the right of True Brands to control its patented design, FIXR Trademark, and advertising and marketing materials that Defendants may be required to pay True Brands the full value of the patented design, FIXR Trademark, and advertising and marketing materials.

129.   True Brands had the right to immediate possession of its patented design, FIXR Trademark, and advertising and marketing materials at the time of the Defendants' conversion.

130.   On information and belief, Defendants have profited by virtue of their conversion.

131.   True Brands has suffered, and will continue to suffer, irreparable harm from Defendants conversion.  As there is no other adequate remedy at law, under Fed. R. Civ. P. 65, True Brands' is entitled to an injunction against the continued conversion.

132.     True Brands has sustained damages as both a direct and proximate result of Defendants infringement of the FIXR Trademark.  Accordingly, True Brands is entitled to damages.

## COUNT IX
### (Unjust Enrichment as to True Brands Patented Design, Marks, and Advertising and Marketing Materials)

133.     True Brands re-alleges and incorporates all the foregoing allegations as though fully set forth herein.

134.     The above-mentioned acts of Defendants constitute misappropriation of True Brands' patented design, FIXR Trademark, and advertising and marketing materials, as well as the goodwill associated with the same, at no cost to Defendants, and results in Defendants unfairly benefitting from their wrongful acts in violation of True Brands' rights under the common law of Arizona and elsewhere.

135.     The above-mentioned acts have caused, and will continue to cause, an impoverishment of True Brands.

136.     Defendants have no justification for their misappropriation of True Brands' patented design, FIXR Trademark, and advertising and marketing materials

137.     On information and belief, Defendants have profited by virtue of their unjust enrichment.

138.     True Brands has no adequate remedy at law because True Brands' patented design, FIXR Trademark, and advertising and marketing materials are unique and represent to the public True Brands' identity, reputation, and goodwill, such that monetary damages alone cannot fully compensate True Brands for Defendants' willful misconduct.

26

III.    **PRAYER FOR RELIEF**

**WHEREFORE**, True Brands respectfully requests that the Court enter judgment in its favor and award True Brands relief as follows:

A.      A declaration that Defendants are liable to True Brands for all claims and causes of action made herein.

B.      A preliminary and permanent injunction be issued enjoining Defendants, their employees, agents, successors, and assigns, and all those in concert and participation with Defendants, and each person who receives notice directly or otherwise of such injunctions from;

      i.     Imitating, copying, or making unauthorized use of the design claimed in the 'D274 Patent and/or the FIXR Trademark;

      ii.    Importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, and/or displaying any service or product using any simulation, reproduction, counterfeit, copy, and/or confusingly similar variation of the 'D274 Patent and/or FIXR Trademark;

      iii.   Using any simulation, reproduction, counterfeit, copy, and/or confusingly similar variation of the '274 Patent and/or FIXR Trademark in Defendants' business name or in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation, and/or distribution of any service or product;

      iv.    Using any false designation of origin or false description, including, without limitation, any letters or symbols constituting the FIXR Trademark,

or performing any act, which can or is likely to lead members of the public to believe that Defendants and/or any service or product manufactured, distributed, and/or sold by Defendants is in any manner associated or connected with True Brands or is sold, manufactured, licensed, sponsored, approved, and/or authorized by True Brands;

    v.    Transferring, consigning, selling, shipping, and/or otherwise moving any goods, packaging, and/or other materials in Defendants' possession, custody, and/or control bearing a design or mark substantially similar to the FIXR Trademark;

    vi.    Modifying, re-labeling, re-packaging, re-naming, concealing, or otherwise changing the content, appearance, name, packaging or any other elements, aspect, characteristic, or feature of any product, packaging, or other item that is or ever was named or labeled with the word "FIXR" or any substantially similar version thereof, including, but not limited to, "FIXER";

    vii.    Engaging in any other activity constituting an infringement of the 'D274 Patent and/or FIXR Trademark; and

    viii.    Instructing, assisting, aiding, and/or abetting any other person or business entity in engaging in and/or performing any of the activities referred to in subparagraphs (a)-(f) above.

C.    For all claims for relief, an order requiring Defendants to destroy all goods infringing and/or otherwise violating the 'D274 Patent and/or the FIXR Trademark;

D.      For an order within thirty (30) days after entry of such an order requiring Defendants to report in writing, under oath, the manner and form in which Defendants have complied with the above;

E.      For an order requiring Defendants to file with the Court and provide to True Brands an accounting of all sales and profits realized through Defendants infringement of the 'D274 Patent and/or FIXR Trademark and/or production of counterfeits;

F.      For a judgment of treble damages because of Defendants' intentional, willful, and knowing use of counterfeits and infringement of the 'D274 Patent and FIXR Trademark pursuant to 15 U.S.C. § 1117(b) and/or 35 U.S.C. § 274;

G.      Alternatively, for an award of statutory damages pursuant to 15 U.S.C. § 1117(c) and 35 U.S.C. §§ 284 and/or 289;

H.      Alternatively and/or additionally, for an award of damages pursuant to Arizona common law;

I.      Alternatively, for an award of damages sufficient to compensate True Brands for Defendants unjust enrichment;

J.      Attorney's fees pursuant to 15 U.S.C. § 1117(a), Arizona common law, and/or 35 U.S.C. § 285;

K.      Pre-judgment interest on True Brands' damages as allowed by law;

L.      Post-judgment interest on the judgment at the legal rate from the date of judgment;

M.      Costs of court; and

BGD-#217218-v1-Complaint.DOCX

N.     Such other and further relief as shall seem just and proper to the Court under the circumstances.

## IV.     JURY DEMAND

True Brands demands that all claims and causes of action raised in this Complaint be tried to a jury to the fullest extent possible under the United States and Arizona Constitutions.

DATED this 5th day of October, 2017.

**BEUS GILBERT PLLC**

By    */s/ K. Reed Willis*
L. Richard Williams
K. Reed Willis
701 North 44th Street
Phoenix, AZ  85008-6504

**THORPE, NORTH & WESTERN**
Mark Bettilyon
Peter M. de Jonge
Jed H. Hansen
175 South Main Street, Suite 900
Salt Lake City, UT  84111
Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28